THOMAS SEATON, Respondent, *vs.* THE CHICAGO, ROCK ISLAND & PACIFIC R. R. COMPANY, Appellant.

1, *Justice's Court—Appeal—Facts shown by record—Appeal bond, sureties on, judgment against.*—In a case purporting to have come up from a justice of the Peace, where it does not appear that any transcript of the proceedings before the justice was ever filed; or that he ever rendered any judgment in the cause from which an appeal could be taken, or that any appeal ever was taken or attempted, the record presents no state of facts authorizing a judgment in the Circuit Court against the sureties on the appeal bond ; and such judgment having been shown, the cause should be reversed and remanded.

*Appeal from Clinton Circuit Court.*

*J. M. Shanklin and M. A. Low*, for Appellant.

*Wm. Henry, Jr.*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action purports to have been brought before a justice of the Peace in Shoal Township in Clinton County, Missouri, to recover double damages from the defendant and appellant, for hogs charged to have been killed by the cars and agents of defendant.

The record in this cause commences as follows : " State of Missouri, County of Clinton. Be it remembered that on the 8th day of August, A. D. 1872, in vacation, Zachariah Prevolt, a justice of the peace within and for Shoal Township, County and State aforesaid, filed in the office of the clerk of the Circuit Court of Clinton County, Missouri, among other papers in the above entitled cause, a complaint, which said complaint is in words and figures as follows, to wit:

" Before Zachary Prevolt, a Justice of the Peace within and for Shoal Township in Clinton County, Missouri," "Thomas Seaton, Plaintiff, vs. The Rock Island & Pacific Rail Road Company, Defendant."

The record then sets out a long petition or complaint purporting to be in said cause. No other reference is made in the whole record to the Justice of the Peace or his action in the cause. It does not appear that any transcript of his proceedings was filed or that he ever rendered any judgment in the cause from which an appeal could be taken, or that any appeal

ever was taken or attempted. But the case is proceeded with, as if the cause were an original cause in the Circuit Court, except that the court in the judgment renders judgment against not only the defendant, but against Milt. Ewing and C. D. Combs whom the court calls the sureties on the appeal bond, while there is nothing upon the whole record to show that any judgment had ever been rendered by the Justice or any appeal bond given. This being the case, we are not at liberty to treat the case as an original cause brought in the Clinton Circuit Court. To do so would be to make the judgment erroneous as to those persons called sureties. The judgment as it appears before us is certainly erroneous, and must be reversed.

We cannot on such a record pass upon the other points raised in the case by the attorneys on either side. If it is desirable to have causes decided in this court, attorneys and parties should certainly see that the records filed here present a case upon which an intelligent judgment can be rendered. It may be that this record could have been perfected, but the cause has been submitted on the record as we find it.

The judgment of the court below is therefore, with the concurrence of the other judges, reversed and the cause remanded.